**Kazi AZAD, Petitioner,**

v.

**ATTORNEY GENERAL OF THE UNITED STATES,**
**Respondent.**

**No. 05–5859–ag.**

United States Court of Appeals,
Second Circuit.

Dec. 20, 2006.

---

Robert Popescu, Popescu, Iosepovivici & Associates, New York, New York, for Petitioner.

Margaret M. Kolbe, Assistant United States Attorney (Scott Dunn, Assistant United States Attorney, of counsel; Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Kazi Azad ("Azad"), a native and citizen of the People's Republic of Bangladesh, seeks review of an October 7, 2005 order of the BIA adopting and affirming the May 18, 2004 decision of Immigration Judge ("IJ") George T. Chew denying petitioner's application for adjustment of status pursuant to 8 U.S.C. § 1255(a). *In re Azad, Kazi*, No. A70–888–272 (BIA Oct. 7, 2005) *aff'g* No. A70–888–272 (Immig. Ct. N.Y. City May 18, 2005). We presume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

Azad's sole argument on appeal is that the IJ's "refusal to grant a continuance" of the proceedings constituted an abuse of discretion, deprived him of a full and fair opportunity to present his claims, and failed to comport with the standards of fundamental fairness. It is not clear that any motion for a continuance was made. In any event, this argument was not made to the BIA; there, Azad asserted only that "[t]he IJ abused his discretion in denying [Azad]'s application to adjust status on discretionary grounds [by] giving undue weight to [his] criminal convictions." No mention was made of the supposed failure to grant a continuance.

"A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right. . . ." 8 U.S.C. § 1252(d)(1).

For the reasons set forth above, the petition is hereby **DENIED**. Having completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.